In the Matter of HENRY TAYLOR et al., Petitioners, against DAY STAR BAPTIST CHURCH, INC., et al., Respondents.

Supreme Court, Special Term, New York County, October 13, 1949.

*Samuel M. Zuckerman* for petitioners.

*Sydney Snitow* and *Melvel W. Snitow* for respondents appearing specially.

MILLER, J. The petition alleges that respondent corporation was organized under and by virtue of the Religious Corporations Law of the State of New York. It follows that petitioners may not avail themselves of the provisions of section 26 of the Membership Corporations Law. Section 2 of the Membership Corporations Law provides in part that a membership corporation is a corporation not organized for pecuniary profit, " incorporated under this chapter, or under any law repealed by this chapter ".

Respondent corporation was not incorporated under the Membership Corporations Law or under any law repealed thereby, but under a wholly different statute, viz., the Religious Corporations Law. *Matter of Watson* (171 N. Y. 256) relied upon by petitioners, does not support their position. The Court of Appeals in that case pointed out (p. 259) that the Religious Corporations Law is devoted to the organization and government of the various denominational churches and that the Membership Corporations Law is the statute applicable to benevolent, charitable, philanthropic and missionary organizations, since (pp. 260–261) '' the legislature, in speaking of religious corporations, has never intended to include within that term any of the numerous benevolent, charitable, philanthropic and missionary organizations created either under special laws or under the general statutes repealed by the Membership Corporations Law ''.

Since section 14 of the Religious Corporations Law provides that a religious corporation may be required to account only on application of the Attorney-General, the motion to dismiss the present petition by individual members and not by the Attorney-General, must be granted on the ground that the petition is insufficient in law. It accordingly becomes unnecessary to consider the other grounds of the motion.

Motion to dismiss petition granted. Settle order.